1

2     [See signature page for counsel]

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11

12

13    CADENCE DESIGN SYSTEMS, INC.;         Case No.  C 07 00823 MHP
      MAGMA DESIGN AUTOMATION, INC.;
14    ALTERA CORPORATION AND MENTOR         [PROPOSED] STIPULATED PROTECTIVE
      GRAPHICS CORPORATION,                 ORDER

15                Plaintiffs,

16          v.

17
      NARPAT BHANDARI AND VANGUARD
18    SYSTEMS, INC.,

19                Defendants.

20

21

22

23    1.    PURPOSES AND LIMITATIONS

24          Disclosure and discovery activity in this action are likely to involve production of

25    confidential, proprietary, or private information for which special protection from public disclosure

26    and from use for any purpose other than prosecuting this litigation would be warranted.

27    Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

28    Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all

1   disclosures or responses to discovery and that the protection it affords extends only to the limited

2   information or items that are entitled under the applicable legal principles to treatment as

3   confidential.  The parties further acknowledge, as set forth in Section 12, below, (FILING

4   PROTECTED MATERIAL) that this Stipulated Protective Order creates no entitlement to file

5   confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be

6   followed and reflects the standards that will be applied when a party seeks permission from the court

7   to file material under seal.

8   2.   DEFINITIONS

9        2.1   Party:  any party to this action, including all of its officers, directors, employees,

10  consultants, retained experts, and outside counsel (and their support staff).

11       2.2   Disclosure or Discovery Material:  all items or information, regardless of the medium

12  or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or

13  tangible things) that are produced or generated in disclosures or responses to discovery in this

14  matter.

15       2.3   "Confidential" Information or Items:  information (regardless of how generated,

16  stored or maintained) or tangible things that the designating party believes in good faith to have

17  competitive value, which is not generally known to others, and that the designating party would not

18  normally reveal to third parties except in confidence, or has undertaken with others to maintain in

19  confidence.  Information may also be designated "Confidential" if the designating party believes in

20  good faith that the information falls within the right to privacy guaranteed by the laws of the United

21  States and/or California.

22       2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items:  extremely

23  sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would

24  create a substantial risk of serious injury that could not be avoided by less restrictive means.

25       2.5   Receiving Party:  a Party that receives Disclosure or Discovery Material from a

26  Producing Party.

27       2.6   Producing Party:  a Party or non-party that produces Disclosure or Discovery Material

28  in this action.

2.7 <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9 <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10 <u>House Counsel</u>:  attorneys who are employees of a Party.

2.11 <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.14 Plaintiff or Co-Plaintiff: any Party to this action having the posture of Plaintiff or Co-Plaintiff, including Cadence Design Systems, Inc., Magma Design Automation, Inc. Altera Corporation, and Mentor Graphics Corporation, and including all officers, directors, employees, consultants, retained experts, and outside counsel of the Party (and their support staff).

2.15 Defendant or Co-Defendant: any Party to this action having the posture of Defendant or Co-Defendant, including Narpat Bhandari and vanguard Systems, Inc., and including all officers, directors, employees, consultants, retained experts, and outside counsel of the Party (and their support staff).

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.      DURATION

The obligations created by this Stipulated Protective Order shall survive the termination of this lawsuit unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Protective Order and to make such amendments and modifications to this Order as may be appropriate.

5.      DESIGNATING PROTECTED MATERIAL

5.1     Designation in General.  A Producing Party, at the time of producing Discovery Material or within a reasonable period thereafter, in good faith may designate any Discovery Material as Protected Material.  The Protected Material shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

5.2     Good Faith Requirement.  A Producing Party may designate information CONFIDENTIAL if it believes in good faith that the information is CONFIDENTIAL information, not prepared or intended to be made publicly available.  A Producing Party may designate information HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY if it believes in good faith that the information is HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information, not prepared or intended to be made publicly available.  CONFIDENTIAL and HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY information is Protected Material that may only be disclosed in accordance with Section 8 below.

5.3     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.3(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g*., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions

1   of the testimony as to which protection is sought and to specify the level of protection being

2   asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

3   Only those portions of the testimony that are appropriately designated for protection within the 20

4   days shall be covered by the provisions of this Stipulated Protective Order.

5   Transcript pages containing Protected Material must be separately bound by the court

6   reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY

7   CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering

8   or sponsoring the witness or presenting the testimony.

9   (c)   for information produced in some form other than documentary, and for any

10  other tangible items, that the Producing Party affix in a prominent place on the exterior of the

11  container or containers in which the information or item is stored the legend "CONFIDENTIAL" or

12  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information

13  or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected

14  portions, specifying whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL

15  – ATTORNEYS' EYES ONLY."

16  5.4   Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to

17  designate qualified information or items as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL

18  – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to

19  secure protection under this Order for such material.  If material is appropriately designated as

20  "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the

21  material was initially produced, the Receiving Party, on timely notification of the designation, must

22  make reasonable efforts to assure that the material is treated in accordance with the provisions of this

23  Order.

24  5.5   Post-Production Designation.  If the Producing Party designates Discovery Material

25  as Protected Material after production, the Producing Party shall notify the opposing Counsel, and

26  such opposing Counsel shall mark the designated Discovery Material "CONFIDENTIAL" or

27  "HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  Thereafter, opposing Counsel shall

28  treat the designated Discovery Material as Protected Material, and shall take reasonable and

appropriate steps to immediately reclaim possession of any such designated Discovery Material that may have reached the possession of any persons not authorized under this Protective Order to receive Protected Material and to obtain agreement from the person to whom the disclosure was made to be bound by this Protective Order.  If such efforts are unsuccessful, the Receiving Party shall notify the Producing Party of the disclosure and the identity of the person or entity to whom the disclosure was made.

6.    <u>PRIVILEGED MATERIAL</u>

Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a Party claiming that it inadvertently disclosed information subject to any privilege or immunity.  Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity.

If any Party claims that it has inadvertently disclosed information subject to the attorney-client privilege, work product immunity, a legal prohibition against disclosure, or other privilege or immunity, such disclosure shall not constitute a waiver of the applicable privilege legal prohibition against disclosure if the Producing Party provides written notice of the inadvertent disclosure to each Receiving Party upon becoming aware of the inadvertent disclosure.  The Parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

If written notice of inadvertent disclosure is provided by the Party becoming aware of the relevant inadvertent disclosure, then: (a) upon receipt of such notice of inadvertent disclosure, each Receiving Party shall immediately return or destroy all copies of any documents and things that the Producing Party claims it inadvertently disclosed, and, if requested in writing to do so, certify in writing to the Producing party that it has done so, and (b) until any issue of how to treat such information is resolved (for example, by court order or agreement of the parties), such information shall be treated as though it is subject to the claimed privilege or immunity, and shall not be further used or disseminated by the Receiving Party.  If any Receiving Party disputes that any such

information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (*e.g.*, if the Receiving Party disputes whether the disclosure was inadvertent), or use of any such information, then that Party and the Party claiming inadvertent disclosure shall meet and confer in good faith to attempt to resolve their disagreement.  If those Parties cannot resolve their disagreement within ten (10) days after receipt of such notice, then any of those Parties may thereafter petition the court to resolve the matter.  The Party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written notice was provided within the required 10 days.

7.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

7.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that

1  identifies the challenged material and sets forth in detail the basis for the challenge. Each such

2  motion must be accompanied by a competent declaration that affirms that the movant has complied

3  with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

4  specificity the justification for the confidentiality designation that was given by the Designating

5  Party in the meet and confer dialogue. The burden of persuasion in any such challenge proceeding

6  shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to

7  afford the material in question the level of protection to which it is entitled under the Producing

8  Party's designation.

9  8.    ACCESS TO AND USE OF PROTECTED MATERIAL

10     8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

11  produced by another Party or by a non-party in connection with this case only for prosecuting,

12  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

13  the categories of persons and under the conditions described in this Order. When the litigation has

14  been terminated, a Receiving Party must comply with the provisions of section 13, below (FINAL

15  DISPOSITION).

16     Protected Material must be stored and maintained by a Receiving Party at a location and in a

17  secure manner that ensures that access is limited to the persons authorized under this Order.

18     8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

19  by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

20  information or item designated CONFIDENTIAL only to:

21     (a)    the Receiving Party's Outside Counsel of record in this action, as well as

22  employees of said Counsel to whom it is reasonably necessary to disclose the information for this

23  litigation;

24     (b)    the officers, directors, and employees (including House Counsel) of the

25  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed

26  the "Agreement to Be Bound by Protective Order" (Exhibit A);

27     (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is

28  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

Protective Order" (Exhibit A);

        (d)     the Court and its personnel;

        (e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

        (f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" Exhibit A); and

        (g)     the author of the document or the original source of the information.

    8.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

        (a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

        (b)     for information or items produced by any Defendant, House Counsel of a Receiving Party (1) who has no involvement in competitive decision-making or in patent prosecutions involving Electronic Design Automation or Computer Aided Design, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

        (c)     for information or items produced by any Plaintiff, any House Counsel of a Defendant Receiving Party, (1) who has no involvement in competitive decision-making or in patent prosecutions involving Electronic Design Automation or Computer Aided Design, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who has signed the "Agreement to Be Bound by Protective Order" (Exhibit A), it being further provided that no Plaintiff Receiving Party may disclose to their own officers, directors, or employees, including House Counsel, information or items designated by any Co-Plaintiff as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY";

1          (d)     Experts (as defined in this Order) (1) to whom disclosure is reasonably

2   necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order"

3   (Exhibit A), and (3) as to whom the procedures set forth in paragraph 8.4, below, have been

4   followed;

5          (e)     the Court and its personnel;

6          (f)     court reporters, their staffs, and professional vendors to whom disclosure is

7   reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

8   Protective Order" (Exhibit A); and

9          (g)     the author of the document or the original source of the information.

10      8.4     <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –</u>

11  <u>ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>.

12          (a)     Unless otherwise ordered by the court or agreed in writing by the Designating

13  Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item

14  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must

15  make a written request to the Designating Party that (1) sets forth the full name of the Expert and the

16  city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3)

17  identifies the Expert's current employer(s) and consulting engagements, (4) identifies each and every

18  former position, employer, and consulting agreement of the Expert relating to the fields of Electronic

19  Design Automation and/or Computer-Aided Design, (5) identifies each person or entity from whom

20  the Expert has received compensation for work in his or her areas of expertise or to whom the expert

21  has provided professional services at any time during the preceding five years, and (6) identifies (by

22  name and location of court) any litigation in connection with which the Expert has provided any

23  professional services during the preceding five years.

24          (b)     A Party that makes a request and provides the information specified in the

25  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

26  within five calendar days of delivering the request, the Party receives a written objection from the

27  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

28          (c)     A Party that receives a timely written objection must meet and confer with the

1   Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.

2   If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion

3   as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable)

4   seeking permission from the court to do so.  Any such motion must describe the circumstances with

5   specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably

6   necessary, assess the risk of harm that the disclosure would entail and suggest any additional means

7   that might be used to reduce that risk.  In addition, any such motion must be accompanied by a

8   competent declaration in which the movant describes the parties' efforts to resolve the matter by

9   agreement (*i.e.*, the extent and the content of the meet and confer discussions) and sets forth the

10  reasons advanced by the Designating Party for its refusal to approve the disclosure.   Until such

11  motion is resolved through agreement by the parties or by the Court in response to the motion filed

12  by the Party seeking to make the disclosure, no information or item that has been designated

13  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed to the Expert.

14          In any such proceeding the Party opposing disclosure to the Expert shall bear the

15  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

16  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

17  9.      SPECIAL HANDLING OF SOURCE CODE

18          Documents or other things that contain, embody, or otherwise reflect a party's source code

19  shall be provided the following further protections:

20          (a)     A Producing Party may produce source code for inspection at either the

21  Producing Party's secure facilities or, in the alternative at the request of the Receiving Party, at one

22  of the offices of outside counsel to be its source code custodian ("Source Code Custodian").

23  Available inspection hours shall be the normal open business hours of each office.

24          (b)     Any hard (non-electronic) copies of such source code shall be stored and

25  viewed at: (i) the Producing Party's facilities; (ii) a single designated office of the Source Code

26  Custodian; (iii) the site where any deposition relating to the source code is taken; (iv) the Court; or

27  (v) any intermediate location reasonably necessary to transport the information (*e.g.*, a hotel prior to

28  a deposition).  Any and all such copies shall be maintained in a secured, locked area.  For each and

every non-electronic copy of any source code, or any portion of any source code, the Source Code Custodian shall maintain a log detailing the location of the copy. The parties shall negotiate reasonable limitations on the amount of source code that is released by a party at any given time.

(c)     Any source code produced in electronic form shall be stored and viewed only at either (i) the Producing Party's facilities, or (ii) a single designated office of the Source Code Custodian and shall be maintained in a secured, locked area. No electronic copies of such source code shall be made. Any such source code shall only be viewed or analyzed on a stand-alone computer (a computer that is not connected to any internal or external computer or computer network) located at the Producing Party's facilities or within the single designated office of the Source Code Custodian. The Source Code Custodian shall maintain a Source Code Access Log identifying, for each and every time any source code is viewed, accessed or analyzed: (1) the name of each person who accessed the code; (2) the date and time of access; (3) the length of time of access; and (4) whether any hard copies of any portion of the code were printed and shall retain copies of any portions of the code printed. The Source Code Custodian may use electronic means to monitor access to the code. The entire code or an unnecessarily large portion of the code shall not be printed. The parties shall negotiate reasonable limitations on the amount of source code that is released by a party at any given time.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by email and fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must

deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

13.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is

returned or destroyed, the Receiving Party must submit a written certification to the Producing Party

(and, if not the same person or entity, to the Designating Party) by the sixty day deadline that

identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,

motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such

materials contain Protected Material.  Any such archival copies that contain or constitute Protected

Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

14.    <u>MISCELLANEOUS</u>

      14.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek

its modification by the Court in the future.

      14.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order

no Party waives any right it otherwise would have to object to disclosing or producing any

information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by

this Protective Order.

      IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

1   Dated:   May _____, 2007                    Respectfully submitted,

2

3                                                By:   /s/ Robert G. Krupka

4                                                      Robert G.  Krupka, P.C.  (CA Bar No.  196625)
                                                       KIRKLAND & ELLIS LLP
5                                                      777 South Figueroa Street
                                                       Los Angeles, California  90017
6                                                      Telephone:   (213) 680-8400
                                                       Facsimile:   (213) 680-8500
7                                                      Email:   bkrupka@kirkland.com

8
                                                       Adam R.  Alper (CA Bar No.  196834)
9                                                      KIRKLAND & ELLIS LLP
                                                       555 California Street
10                                                     San Francisco, California  94104-1501
                                                       Telephone:   (415) 439-1400
11                                                     Facsimile:   (415) 439-1500
                                                       Email:   aalper@kirkland.com
12

13                                                     Attorneys for Plaintiff
                                                       MENTOR GRAPHICS CORPORATION
14

15

16                                               By: /s/ Michael R. Headley
                                                       Frank Scherkenbach (CA Bar No.  142549)
17                                                     FISH & RICHARDSON P.C.
                                                       225 Franklin Street
18                                                     Boston, MA  02110-2804
                                                       Telephone:   (617) 542-5050
19                                                     Facsimile:   (617) 542-8906
                                                       Email:   scherkenback@fr.com
20

21                                                     Howard G.  Pollack (CA Bar No.  162897)
                                                       Michael R.  Headley (CA Bar No.  220834)
22                                                     FISH & RICHARDSON P.C.
                                                       500 Arguello Street, Suite 500
23                                                     Redwood City, CA  94063
                                                       Telephone:   (650) 839-5070
24                                                     Facsimile:  (650) 839-5071
                                                       Email:   pollack@fr.com
25                                                              headley@fr.com

26
                                                       Attorneys for Plaintiff
27                                                     CADENCE DESIGN SYSTEMS, INC.

28

STIPULATED PROTECTIVE ORDER                -16-                         Case No.  C 07 00823 MHP

1

2      By: /s/ George A. Riley
           George A.  Riley (CA Bar No.  118304)
3          Mark E.  Miller (CA Bar No.  130200)
           Luann L.  Simmons (CA Bar No.  203526)
4          O'MELVENY & MYERS LLP
           Embarcadero Center West
5          275 Battery Street
           San Francisco, California  94111-3305
6          Telephone:   (415) 984-8700
           Facsimile:   (415) 984-8701
7          Email:   griley@omm.com
                    markmiller@omm.com
8                   lsimmons@omm.com
9
           Attorneys for Plaintiff
10         MAGMA DESIGN AUTOMATION, INC.
11

12     By: /s/ Karl J. Kramer
           Karl J.  Kramer (CA Bar No.  136433)
13         Christopher F.  Jeu (CA Bar No.  247865)
           MORRISON & FOERSTER
14         755 Page Mill Road
           Palo Alto, CA  94304-1018
15         Telephone:   (650) 813-5600
           Facsimile:   (650) 494-0792
16         Email:   kkramer@mofo.com
                    cjeu@mofo.com
17
           Attorneys for Plaintiff
18         ALTERA CORPORATION
19

20     By: /s/ Michael E. Dergosits
           Michael E. Dergosits (CA Bar No. 118206)
21         Teddy K. Joe (CA Bar No. 242589)
           Dergosits & Noah LLP
22         Four Embarcadero Center, Suite 1450
           San Francisco, CA 94111
23         Telephone:  (415) 705-6377
           Facsimile:  (415) 705-6383
24         Email:  mdergosits@gergnoah.com
           tjoe@gergnoah.com
25
           Attorneys for Defendants
26         Narpat Bhandari and Vanguard Systems, Inc.
27

28

1

2

3

4

5

      PURSUANT TO STIPULATION, IT IS SO ORDERED. SUBJECT TO ATTACHED
SUPPLEMENTAL ORDER.

6

DATED: ___May 25, 2007_____        _____

7                                                   JUDGE PATEL

8                                                   United States District Judge



9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case captioned *Cadence Design Systems, Inc., et al. v. Narpat Bhandari, et al.*, United States District Court for the Northern District of California Case No. C 07 00823 (MHP).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.  I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

50417774.doc